

# NUMBER 13-13-00177-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**TIMOTHY WAYNE BURLESON,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

**On appeal from the County Court
of Wharton County, Texas.**

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Perkes
### Memorandum Opinion Per Curiam

Appellant, Timothy Wayne Burleson, was convicted of driving while intoxicated and placed on probation for twelve months. On March 14, 2013 appellant filed a notice of appeal by and through his attorney, James L. Perez. On April 3, 2013, the trial court granted Mr. Perez' motion to withdraw as appellant's counsel. On May 17, 2013, this Court abated the appeal because it was unknown whether appellant is entitled to appointed counsel on appeal.

The trial court held a hearing on April 3, 2013. Pursuant to the trial court findings, appellant testified at trial that he was employed at a Houston warehouse, suggesting a change in his indigence status. Appellant was given notice of the April 3, 2013 trial court hearing through his attorney and was advised that he must appear at the hearing and request appointed counsel. Appellant did not appear at the hearing and further attempts to contact appellant were unsuccessful. An affidavit from Mr. Perez indicates that appellant was advised that if he wanted to pursue the appeal, he needed to appear at the April 3, 2013 hearing. The trial court judge was unable to make a determination of indigence and found that appellant has abandoned his appeal.

On June 11, 2013, the Clerk of this Court notified appellant that the trial court made findings that he did not wish to prosecute the appeal and that appellant had failed to request or make arrangement for payment of the clerk's record. Appellant was advised that, if the defect was not corrected within ten days from the date of receipt of the notice, the appeal would be dismissed for want of prosecution. The notice was sent to appellant's address by regular and certified mail return receipt requested; however, the certified mail was returned as unclaimed and unable to forward.

Based upon the findings of the trial court that appellant has abandoned his appeal and appellant's failure to respond to this Court's notice, we conclude that good cause exists to suspend the operation of Rule 42.2(a) in this case. *See* TEX. R. APP. P. 2. Accordingly, we dismiss the appeal.

PER CURIAM

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Delivered and filed the
1st day of August, 2013.